NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSE SOSA-CANDELARIO, | : | |
| | : | Civil Action No. 18-239(JMV) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| U.S. IMMIGRATION SERVICE DHS, | : | |
| | : | |
| Respondent. | : | |

**VAZQUEZ**, United States District Judge

On January 2, 2018, Petitioner, an inmate confined in the Southern State Correctional Facility, in Delmont, New Jersey, filed a petition under 28 U.S.C. § 2241, purporting to challenge his immigration detention. (ECF No. 1 at ¶5.) The Court has examined the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b).[1] For the reasons discussed below, the Petition will be dismissed for lack of jurisdiction.

I.   BACKGROUND

Petitioner states that he is being held on orders by state authorities and that he is presently serving a sentence of incarceration after having been convicted of a crime. (Pet., ECF No. 1, ¶¶3, 4.) He further states that he has been confined since October 2016. (*Id.* ¶4(c).) Petitioner also asserts that he is being held on an immigration charge. (*Id.* ¶4.) Petitioner's only stated ground

---

[1] Pursuant to Rule 4, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the judge must dismiss the petition and direct the Clerk to notify the petitioner.

for relief states that he "wish[es] to proceed with deportation." (*Id.* ¶13(a).)  In his request for relief, Petitioner seeks "to obtain a final order of deportation and execute order." (*Id.* ¶15.)

II.  DISCUSSION

    A.  <u>Legal Standards</u>

28 U.S.C. § 2241 permits a federal court to grant a writ of habeas corpus to a prisoner who is in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(c)(3).  Section 2241 confers jurisdiction upon federal courts to hear petitions challenging pre-removal immigration detentions during the course of removal proceedings.  *Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  However, a district court has jurisdiction to hear a petition filed pursuant to § 2241 only if the petitioner is "in custody." *James v. Dist. Attorney York Cty.*, 594 F. App'x 66, 67 (3d Cir. 2015) (citing *Maleng v. Cook,* 490 U.S. 488, 490 (1989); *Verde–Rodriguez v. Att'y Gen.,* 734 F.3d 198, 204 n. 4 (3d Cir. 2013)).  A prisoner who is serving a state criminal sentence is not "in custody" for purposes of § 2241 merely because the Immigration and Customs Enforcement ("ICE") has lodged a detainer against him or her.  *Adams v. Apker*, 148 F. App'x 93, 95 (3d Cir. 2005).

Moreover, though federal district courts have jurisdiction to hear habeas challenges to immigration detentions, that jurisdiction is strictly limited.  The REAL ID ACT of 2005 "eliminated the availability of habeas corpus relief in the district courts for aliens seeking to challenge orders of removal."  *Kolkevich v. Att'y Gen. of U.S.*, 501 F.3d 323, 326 (3d Cir. 2007).  Under the REAL ID Act, a petition for review filed with an appropriate court of appeals in accordance with the Act is the sole and exclusive means for judicial review of an order of removal and matters dependent thereon.  8 U.S.C. § 1252(a)(5).

B. Analysis

The Petition on its face reveals that Petitioner is not entitled to habeas relief.  First, Petitioner is currently confined because he is serving a sentence of incarceration arising from a state court criminal conviction.  Even if an immigration detainer has been lodged against him, Petitioner is not "in custody" for purposes of § 2241.  *James*, 594 F. App'x at 67; *Adams*, 148 F. App'x at 95.  Moreover, Petitioner asks this Court to order his deportation and to execute the deportation order.  Pursuant to the REAL ID Act, this Court does not have the authority to grant such a request.  For the foregoing reasons, this Court does not have jurisdiction to consider the Petition.  Accordingly,

**IT IS**, on this 9th day of February, 2018,

**ORDERED** that the Petition (ECF No. 1) is DISMISSED for lack of jurisdiction; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order and the accompanying Opinion on Petitioner by regular U.S. mail; and it is further

**ORDERED** that the Clerk of the Court shall close this matter.


s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge